**BENJAMIN'S OF DOVER, INC., a Delaware corporation, Plaintiff,**

v.

**JARDEL CO., Inc., a Delaware corporation, Defendant.**

Court of Chancery of Delaware, Kent.

Feb. 28, 1972.

---

William S. Hudson, Dover, for plaintiff.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for defendant.

SHORT, Vice Chancellor:

Plaintiff-lessee seeks an order enjoining defendant-lessor from leasing space in defendant's shopping center to a proposed lessee in alleged violation of a restrictive covenant in plaintiff's lease. This is the decision after final hearing.

On May 27, 1968 plaintiff and defendant entered into a lease of space in defendant's Blue Hen Mall (Mall) at Dover, Delaware for a term of 15 years subject to renewal. The lease provided that plaintiff would conduct upon the premises a "Junior Retail Department Store." It further provided:

"64. The Lessor hereby convenants that it will not least space in the Blue Hen Mall Building as now constructed to any Lessee who would be in competition with Benjamin's of Dover, Inc., by virtue of carrying the following classifications of women's ready-to-wear merchandise: Junior, Misses, Women's or Half-size Dresses, Coats, Suits, Furs, Sportswear, Lingerie or Foundations, including all categories of the above mentioned classes of merchandise.

It is understood and agreed that the sale of the above classifications of merchandise by the following stores who are Lessees of space in the present Blue Hen Mall will not be considered as a violation of this restriction: Woolco, J. C. Penney Co., Woolworth's, Braunstein's, Hess Apparel and Spiegel of Delaware, Inc. and any shoe stores or jewelry stores in Blue Hen Mall.

It is further understood and agreed that if the Blue Hen Mall should be expanded by the erection of additional buildings or by enlargement of the present building so as to create additional space for tenants that this provision with regard to competing lines of merchandise shall not apply to the additional space created by addition or expansion."

In the summer of 1970 defendant carried on negotiations with Stuarts Delaware Corporation (Stuarts) looking to the leasing to Stuarts of space in the Mall near plaintiff's store. In October 1970 defendant and Stuarts executed a lease of such space to be used by Stuarts "for the display and sale of women's and misses' apparel, accessories and kindred lines, and as an incidental part of its business, may sell and display children's apparel and women's, misses' and children's footwear . . . [and] for any other lawful retail purpose

not in conflict with other Leases in Blue Hen Mall." When defendant commenced preparations for occupancy by Stuarts plaintiff brought this action.

At trial defendant introduced testimony tending to show that the merchandise which would be carried for sale by Stuarts, an affiliate of Petrie Stores Corporation which operates a national chain of women's apparel stores known as Marianne Shops, would not be branded merchandise such as is carried by plaintiff; that Stuarts would not carry any accessories and would not advertise or extend credit to customers as does plaintiff; and that it would not be in competition with plaintiff either pricewise or qualitywise. Premised upon its theory that the restrictive provisions of Paragraph 64 of plaintiff's lease come into play only if Stuarts sells articles therein designated *in competition with plaintiff,* defendant argues that it is not precluded from leasing to Stuarts. Plaintiff on the other hand, contends that Paragraph 64 forbids the proposed lease for the uses therein mentioned.

■ Assuming, without deciding, that the evidence warrants the finding that Stuarts would not in fact be in competition with plaintiff, I am nevertheless of the opinion that Paragraph 64 of plaintiff's lease does enjoin defendant from leasing to Stuarts. I so conclude because it is clear that the parties agreed on and defined what should constitute competition. Thus, the first paragraph of the covenant precludes the leasing of space "to any Lessee who would be in competition with Benjamin's . . . by virtue of carrying" the named classifications of women's ready-to-wear merchandise, "including all categories of the above mentioned classes of merchandise." The second paragraph provides that "the sale of the above classifications of merchandise" by named then lessees in the Mall should not be considered as a violation of the restriction. And the third paragraph relating to expansion of the Mall provides that the restriction "with regard to competing lines of merchandise" shall

not apply to expanded space. It is evident from these provisions that the parties considered that regardless of the price or quality of its merchandise, or its methods of doing business, a proposed lessee would be in competition with plaintiff by the mere carrying for sale of the named classifications of merchandise.

Defendant cites and relies on Utica Square, Inc. v. Renberg's, Inc., Okl., 390 P.2d 876, where the restrictive covenant provided that the lessor would not lease any premises for the retail sale of men's and boy's wear "in competition with" Renberg's and Weiss v. Mayflower Doughnut Corp., 1 N.Y.2d 310, 152 N.Y.S.2d 471, 135 N.E.2d 208, where the covenant prohibited leasing of space "for use as a luncheonette, soda fountain or for any similar business in competition with that of the plaintiff." In *Utica Square* it was held that selling of the designated articles by a subsequent lessee was prohibited only if it was in competition with the covenantee. In *Weiss* it was held that the issue was "similarity of businesses and competitiveness" which was to be determined by "the character of the food served and the price charged." That the cited cases are inapposite is apparent for in neither case did the parties define, as did the parties here, the phrase "in competition with."

The ultimate effect of the covenant set out in Paragraph 64 is to prohibit defendant from leasing to subsequent lessees space in the Mall for the sale of the classifications of merchandise therein mentioned. Defendant concedes that in such case "the lessor could not legally rent space in the Mall to anyone selling these articles." Plaintiff's right to injunctive relief is, therefore, established unless its conduct has been such as to render that form of relief inequitable or inappropriate. Reeve v. Hawke, 37 Del.Ch. 25, 136 A.2d 196.

■ Defendant contends that plaintiff is not entitled to relief because of unclean hands. It points to plaintiff's lease which requires that the "leased premises shall be

used and occupied by Lessee for Junior Retail Department Store and for no other purpose." Having elicited from plaintiff's officer-manager and principal stockholder an admission that the business conducted by plaintiff is that of a specialty shop and not a junior department store, defendant argues that since plaintiff's lease provides for a fixed rent plus a percentage of gross sales exceeding a stated amount and plaintiff has admittedly made no payment under the gross sales provision the failure to conduct a junior department store as required by the lease "has evidently resulted in the non-payment of percentage rent to the detriment of Defendant." Not only is there no evidence to sustain defendant's conclusion but the fact is that plaintiff's business had been in operation for nearly two years before this action was commenced without complaint by defendant of a violation of the leasehold provisions. As to the issues involved in this case I find no merit in defendant's contention that unclean hands bar plaintiff's entitlement to relief.

Defendant argues that relief should be denied because of laches. I have considered this defense and find it to be without merit.

Plaintiff is entitled to injunctive relief. A conference with counsel will be arranged to settle the terms of the order to be entered.